UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CR-160 |
| | ) | | 3:04-CR-180 |
| RASHID D. PENSON, | ) | | (VARLAN/GUYTON) |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 23 in case number 3:04-CR-160; Doc. 13 in case number 3:04-CR-180], in which defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The government has responded [Doc. 24 in case number 3:04-CR-160; Doc. 14 in case number 3:04-CR-180] stating that it defers to the Court's discretionary consideration of defendant's motion. Thus, the matter is now ripe for determination.

**I.      Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine power offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

## II.    Analysis

Defendant pled guilty to and was convicted of possession with the intent to distribute at least five (5) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and punishable pursuant to § 841(b)(1)(B). His sentence was based on the cocaine base guidelines in effect prior to November 1, 2007, and thus is affected by Amendment 706 to the Sentencing Guidelines. Accordingly, the Court may reduce defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

At the time of the sentencing, the Court held the defendant accountable for 44.7 grams of cocaine base. The base offense level for offenses involving at least 35 grams but less than 50 grams of cocaine base in effect at the time of sentencing was 30. Defendant's offense level was reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. §§

3

3E1.1(a), (b). Defendant's criminal history category is II. Accordingly, defendant faced a sentencing guideline range of 78 to 97 months and the Court sentenced the defendant to a term of 78 months' imprisonment. After the amendment to the sentencing guidelines, defendant's base offense level for offenses involving at least 50 grams but less than 150 grams of cocaine base is 28. Applying the same three level reduction pursuant to U.S.S.G. §§ 3E1.1(a), (b), defendant's amended guideline range is 63 to 78 months.

Because defendant's original sentence was not less than the term of imprisonment provided by the advisory guideline range applicable at the time of sentencing, the Court may not impose a sentence of a term that is less than the minimum of the amended guideline range. *See* U.S.S.G. §§ 1B1.10 (b)(2)(A); (B). The Court originally sentenced defendant at the low end of the guideline range which would result in a sentence of 63 months under the revised guideline range.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between

offenses for cocaine bases and cocaine powder. The Court considered the § 3553 factors previously at defendant's sentencing and ultimately determined that a sentence at the low end of the guideline range was appropriate.

Turning to defendant's post-sentencing conduct, the Court notes that he was sanctioned for being absent from an assignment on two occasions, for possession of an unauthorized item on two occasions (chicken and stamps), for possession of gambling paraphernalia, and for fighting. The Court also notes that defendant has also engaged in positive conduct while incarcerated including completing the AIDS Awareness and Social Services Fair-Parent courses. Defendant has also taken GED classes though his performance was rated as unsatisfactory.

The Court also considers the danger to the public as the result of any reduction in defendant's sentence. Defendant has prior juvenile convictions for theft, marijuana possession, and curfew violation. He has no convictions related to violence though he does have dismissed charges involving domestic abuse. Defendant is listed as a Criminal History Category II offender. Additionally, as noted above, defendant was sanctioned for fighting while incarcerated. According to the U.S. Probation Office's Revised Memorandum Regarding Retroactivity, the Probation Office was unable to locate any further information that would indicate the defendant is a risk of danger to any person or the community.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is

5

particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address, as well as the U.S. Probation Office report and recommendation and the lack of opposition to this motion by the government. The Court initially sentenced defendant at the low end of the guideline range and finds that the same is appropriate under the revised guideline range. Accordingly, the Court will reduce defendant's sentence to 63 months, or time served, whichever is greater.

**III. Conclusion**

Accordingly, defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 23 in case number 3:04-CR-160; Doc. 13 in case number 3:04-CR-180] is hereby **GRANTED** and defendant's sentence will be reduced to 63 months or time served, whichever is greater. This Order shall take effect ten (10) days (day-for-day) from entry in order to give the Bureau of Prisons time to process the release of the defendant. Except as provided above, all provisions of the judgments dated March 14, 2007 shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE